U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 2010
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIGAH DARNELL JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:10-CV-299-Y |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Eligah Darnell Jr., CID #0279245, was a pretrial detainee confined in the Tarrant County jail pending criminal charges in state court at the time this petition was filed.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

#### C. PROCEDURAL HISTORY

At the time this petition was filed, Darnell was charged with failing to comply with the state sexual offender registration requirements in the 432nd District Court of Tarrant County, Texas, cause numbers 1197285 and 1197286. (Resp't Attach. at 63; Pet'r Ex.) In the petition, Darnell claims the state keeps reindicting him for the same offense out of vindictiveness, he is being illegally harassed

by state officials, the judge is partial to the state, and his standby counsel and private investigator "turned" advocates for the state. (Pet. at 5) On May 25, 2010, a jury found Darnell guilty in cause number 1197286 and assessed his punishment at 75 years' imprisonment. (Resp't Attach. at 59) Cause number 1197285 was subsequently dismissed. (Pet'r Ex.) Darnell has appealed his conviction, which remains pending at this time. *Darnell v. State*, 02-10-208-CR. Anderson has filed a motion to dismiss the petition on exhaustion grounds.

### D. LEGAL ANALYSIS

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, Darnell is no longer a pretrial detainee having been convicted of one of the charged offenses, and the issues presented challenging the lawfulness of his pretrial detention have been rendered moot. It is therefore unnecessary to resolve the issues presented. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (holding that federal pretrial detainee's habeas corpus application was rendered moot by his conviction). This federal habeas corpus proceeding is therefore moot.

### III. RECOMMENDATION

It is recommended that Darnell's petition for writ of habeas corpus be dismissed as moot.

## IV. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 6, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August 6, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 16th, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE